Opinion by OLIVER, P. J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46394.**—Protests 785071–G, etc., of Vincent Bach Corp. et al. (New York).

Opinion by OLIVER, P. J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 46395.**—Protests 769603–G, etc., of F. S. Allenby & Co. et al.

Opinion by OLIVER, P. J.    Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, OCTOBER 1, 1941

**No. 46396.**—Protest 665308–G of Wm. Filenes Sons Co. (Boston).

Opinion by KINCHELOE, J.    It was stipulated that the merchandise consists of cotton plush articles woven on the loom as completed articles and that it is similar in all material respects to that the subject of *Ramallah* v. *United States* (T. D. 47681).    In accordance therewith the claim at 40 percent under paragraph 923 was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 1, 1941

**No. 46397.**—Protests 14055–K, etc., of Wo Kee & Co. et al. (San Francisco).

Opinion by CLINE, J.    It was stipulated that the merchandise consists of pak nor similar to that the subject of *Columbia Co.* v. *United States* (5 Cust. Ct. 175, C. D. 395), hak nor similar to that the subject of Abstract 45951, and certain other merchandise similar to that the subject of *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446).    In accordance therewith the commodities in question were held not subject to Internal Revenue tax and the protests were sustained as to certain of the items.

**No. 46398.**—Protests 43009–K of Wo Kee & Co. (San Francisco).

Opinion by CLINE, J.    In accordance with stipulation of counsel that the merchandise in question is the same as that passed upon in *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446) it was held that the Internal Revenue tax is not applicable.    That claim was therefore sustained.

BEFORE THE THIRD DIVISION, OCTOBER 6, 1941

**No. 46399.**—Petitions 5888–R, etc., of E. H. Corrigan (San Antonio).

Opinion by KEEFE, J. It appeared that all of the importations were entered in March to May, 1936, and were not appraised until May, 1939, and that at the time of the entry the petitioner accepted the values upon the consular invoices as the correct market values, as he was familiar with the market in Mexico and considered the values in line with prior shipments, admitting, however, that he had never received shipments covering such large quantities. It appeared that the petitioner is a customs broker and had entered the merchandise in his own name and that, as he testified, had he suspected that the consular invoice values did not represent the values for duty purposes, he would not have entered the same under his term bond and made himself liable for possible increased duties. The court was of the opinion from the evidence that the petitioner endeavored to make a full and candid explanation of the circumstances and conditions surrounding the entry of the merchandise herein. It was found that the petitioner was without intention to conceal or misrepresent the facts, to deceive the appraiser as to the value of the merchandise, or to defraud the revenue of the United States. The petitions were therefore granted.