**No. 51046.**—Protest 91080–K of E. H. Corrigan (San Antonio).

EKWALL, Judge:   A quantity of huaraches was imported from Mexico and entry made by a customs broker.   Subsequently and within the statutory period, owner's declarations were filed declaring Samuel Klien and Charles Klien to be the owners of the merchandise.   The collector of customs assessed additional duties on the merchandise which were paid by the customs broker, the plaintiff herein.   From the assessment of these additional duties the customs broker filed petitions for remission of additional duties under authority of section 489 of the Tariff Act of 1930.   These petitions were granted in a decision reported as *Corrigan* v. *United States*, 7 Cust. Ct. 280, Abstract 46399, and the entries were reliquidated in accordance with said decision.   Against these reliquidations the plaintiff herein filed protest on September 11, 1942, in the following language:

Please accept this as formal protest as to the decision of the Department in ordering payment of the additional duties levied on the above entries to Charles and Samuel Klien.   This protest is based on the grounds set forth in our letter of April 17, 1942, a copy of which is attached hereto.

Please refer this protest to the Customs Court for determination.

The basis of plaintiff's claim as set forth in this letter of April 17, 1942, above referred to, is that inasmuch as plaintiff paid the additional duties in order to protect his term bond, the refunds adjudged payable by the Customs Court should have been paid to said plaintiff.   Counsel for the plaintiff stated his claim at the hearing as follows:

This Court granted the petition for remission of additional duties, and after the decision the collector reliquidated pursuant to the decision of this Court and as part of that reliquidation he certified refund for payment not the man whom the Government concedes, and about which there is no question, paid the additional duty and filed the petition for the remission of this additional duty, but to the Kliens who were the owners of the merchandise, but who did not pay the duty. So the plaintiff contends that the reliquidation was improper.

Counsel for the Government moved to dismiss the protest on two grounds: (1) That the court is without jurisdiction to hear and determine a protest of this kind; and (2) that the protest was not filed within 60 days after the date of reliquidation.

Taking up the question of the timeliness of the protest first we find that the dates of reliquidation and of filing of protest are as follows:

| Entry | Date of reliquidation | Date protest filed |
| --- | --- | --- |
| 509L | April 29, 1942 | September 11, 1942 |
| 516L | March 24, 1942 | September 11, 1942 |
| 608L | March 24, 1942 | September 11, 1942 |
| 393L | March 24, 1942 | September 11, 1942 |
| 414L | March 27, 1942 | September 11, 1942 |

It will be seen from the foregoing that protest was not filed within the 60-day period after reliquidation, prescribed by the statute (section 514, Tariff Act of 1930). Even were we to construe the pleadings as sufficient to constitute a protest against the collector's action, although it is specifically directed against the "decision of the Department," the fact remains that it is untimely. The importer maintains that his letter of April 17, 1942, was a protest. Said letter would be premature as a protest against the reliquidation of entry 509L in which reliquidation took place April 29, 1942. Moreover, an examination of the letter referred to discloses that it was not intended as a protest against any act of the collector but is merely a statement of plaintiff's position in connection with these entries and requests payment of any refunds of additional duty. This letter states:

 \*    \*    \*    \*    \*    \*    \*

It is our understanding that you propose to make payment of the additional duties paid by E. H. Corrigan on the above entries to Charles and Samuel Klien. \*. \* \*

Inasmuch as no certification was made as to the payee up to the time of the receipt of this letter, it could not be deemed to be a protest for the reason that the act against which it is directed had not occurred.

On this state of the record we deem it unnecessary to express any opinion on the merits of the case or the jurisdictional question raised.

Protest being untimely should be and the same is hereby dismissed.

Judgment will be rendered accordingly.